UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 25-cv-03635-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 9 |

Pro se plaintiff Michael Brown filed the above-entitled matter on March 19, 2025, in the Superior Court of California, County of San Francisco. Dkt. No. 1-1. The Complaint is vague, but purports to assert a claim under the Fair Credit Reporting Act ("FCRA") based on "inaccurate reporting" by defendant JPMorgan Chase Bank, N.A. ("JPMC").

JPMC removed the case to this court on April 25, 2025. Dkt. No. 1. On May 2, 2025, JPMC filed a motion to dismiss, or, alternatively, for a more definite statement. Dkt. No. 9. Brown failed to timely oppose that motion or otherwise respond to it. Accordingly, on June 4, 2025, I issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute and allowed Brown to oppose the motion by June 17, 2025. Dkt. No. 13 (OSC). I informed Brown that if he did not file an opposition or otherwise respond to the motion as ordered, the case may be dismissed for failure to prosecute. Fed. R. Civ. Proc. 41(b). Brown did not file an opposition or otherwise respond.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). In deciding whether to dismiss for

failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. As described above, JPMC filed a motion to dismiss and Brown failed to timely oppose it. I issued an order to show cause and gave Brown the opportunity to file an opposition, extending his response deadline from May 16, 2025, to June 17, 2025. I then waited an additional week after that before issuing this order, to give Brown more time still to comply. Brown has not filed an opposition to JPMC's motion or otherwise responded to my June 4 order. This failure to prosecute impedes my ability to move this case forward toward disposition and suggests that Brown does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here. The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Brown has not fulfilled his responsibility. Brown was granted sufficient time in which to oppose JPMC's motion. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Brown's failure to file responsive documents within the time granted.[1]

---

[1] If I were to consider JPMC's motion on the merits, I would grant its motion to dismiss. Brown's complaint is sparse and it is difficult to ascertain from its four corners what conduct Brown

1    The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Brown had the opportunity to oppose JPMC's motion to dismiss but did not do so. I then gave Brown an additional four weeks to oppose the motion, but Brown still did not respond.

For the foregoing reasons, I find the factors weigh in favor of dismissal. This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 25, 2025



William H. Orrick
United States District Judge

---

challenges. The Complaint does not identify which provision of the FCRA defendant purportedly violated, which courts have found warrants dismissal, *see Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 821 (N.D. Cal. 2024) (granting motion to dismiss for failure to cite the provision of the FCRA allegedly violated), and does not identify the amount at issue that is purportedly inaccurate on his credit report.